OPINION
{¶ 1} Defendant-appellant Pedro Garmendia appeals from his conviction and sentence, following a guilty plea, for Abduction. Garmendia contends that the trial court erred by accepting his plea, because the trial court did not advise him of the potential consequences of his plea to his status as an alien residing in, or seeking admission to, the United States, as required by R.C. 2943.031(A).
 {¶ 2} Pursuant to our holding in State v. Rodriguez, Clark App. No. 01-CA-62, 2002-Ohio-5489, which we approve and follow, the exclusive remedy for an alleged violation of R.C. 2943.031(A) is a motion to withdraw the plea pursuant to R.C. 2943.031(D). Accordingly, Garmendia's claim is not cognizable on direct appeal, and the judgment of the trial court is Affirmed.
 I {¶ 3} Garmendia was indicted on one count of Abduction and one count of Felonious Assault, with a firearm specification. A plea bargain was negotiated, whereby Garmendia pled guilty to Abduction, and the Felonious Assault count was dismissed. An interpreter was provided for the plea hearing.
 {¶ 4} Garmendia's plea was accepted, and he was sentenced to imprisonment for one year. From his conviction and sentence, Garmendia appeals.
 II {¶ 5} Garmendia's sole assignment of error is as follows:
 {¶ 6} "The Trial Court Erred By Failing To Advise Appellant Of Possible Deportation, Exclusion Or Denial Of Naturalization Prior To Accepting His Plea Of Guilty."
 {¶ 7} R.C. 2943.031(A) requires that the trial court advise a defendant, prior to accepting a plea of guilty or a plea of no contest, as follows:
 {¶ 8} "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 9} Garmendia contends that he was not advised in accordance with the statute before his plea was accepted.
 {¶ 10} The State points out that a remedy for the failure to comply with the requirement in R.C. 2943.031(A) is provided in division (D) of the statute, which provides as follows:
 {¶ 11} "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 12} We held in State v. Rodriguez, supra, that the proper remedy for an alleged violation of the requirement of R.C. 2943.031(A) is a motion to withdraw the plea, pursuant to R.C. 2943.031(D). We approve and follow that holding. Pursuant to R.C. 2943.031(D), a defendant is not automatically entitled to relief if a trial court fails to provide the advisement required by division (A) of the statute before accepting a plea of guilty or no contest. To obtain relief, the defendant must show that he is not a citizen of the United States and that the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. These are matters that can be the subject of proof at a hearing in the trial court, and often will not be apparent from the record of a direct appeal from the original conviction.
 {¶ 13} Garmendia's sole assignment of error is overruled.
 III {¶ 14} Garmendia's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF and GRADY, JJ., concur.